UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARIA PERREAULT

VS.                                                              C.A. NO.

PROFESSIONAL TRANSIT
MANAGEMENT OF ATTLEBORO, INC.;
VEOLIA TRANSPORTATION, INC.;
AMALGAMATED TRANSIT UNION,
LOCAL 1547

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 51, 1331 and 1337. This action is authorized pursuant to the pertinent provisions of Title VII of the Civil Rights Act of 1964, 42 USC. § 2000e *et seq*.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims made herein occurred in Massachusetts.

3. Supplemental jurisdiction over state law claims is conferred by 28 U.S.C. §1367 because the claims are so related to the Title VII claims that they form part of the "case or controversy" within the meaning of that statute.

4. Defendants are subject to this Court's personal jurisdiction pursuant to Rule 4 of the Federal Rules of Civil Procedure and Chapter 223 Section 3 of the Massachusetts General Laws.

## PARTIES

5. Plaintiff, Maria Perreault "(Ms. Perreault"), is a resident of Taunton, Massachusetts.

6. Defendant, Professional Transit Management of Attleboro, Inc. ("PTMA") is a Massachusetts Corporation with a principal place of business at 2 Oak St. in Taunton, Massachusetts.

7. Veolia Transportation, Inc., ("Veolia") is a Delaware corporation with a principal place of business at 720 E. Butterfield Road, Suite 300 in Lombard, Illinois.

8. Amalgamated Transit Union, Local 1547 ("Local 1547") is a labor union and a voluntary association under Massachusetts law with a principal place of business in Brockton, Massachusetts.

## ADMINISTRATIVE PROCEEDINGS

9. On or about November 8, 2012 Plaintiff filed a charge of discrimination with Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC") against GATRA and the Amalgamated Transit Union.

10. Thereafter, Plaintiff amended her charge to include PMTA, Veolia and Local 1547 as Respondents.

11. On or about February 3, 2014, the Plaintiff requested permission from the MCAD to withdraw her Charge of Discrimination so that he could pursue a private right of action in civil court.

12. The Plaintiff has filed this Complaint more than 90 days after filing her Charge with the MCAD.

13. Plaintiff has satisfied the prerequisites for initiating the following discrimination claims in this Court.

## FACTS COMMON TO ALL COUNTS

14. PTMA operates a regional public transportation system in the areas of Attleboro and Taunton, pursuant to an agreement with the Greater Attleboro Taunton Regional Transit Authority ("GATRA").

15. The Plaintiff was employed by PTMA as a bus driver.

16. Local 1547 is and was at all relevant times the exclusive collective bargaining representative of, among others, the bus drivers employed by PTMA, including the Plaintiff.

17. The Plaintiff was a member of Local 1547.

18. The terms and conditions of Plaintiff's employment were established pursuant to a collective bargaining agreement between Local 1547 and PTMA.

19. At all relevant times Joseph Beland was an officer of Local 1547 and a member of the Local's Executive Board.

20. John Greene is and was at all relevant times the General Manager of PTMA.

21. As General Manager, Greene is responsible for the day to day management of PTMA and has the authority to terminate and otherwise discipline employees of PTMA.

22. Upon information and belief, while he functions as the General Manager at PMTA, Greene is actually an employee of Veolia.

23. Upon information, PTMA is a wholly owned subsidiary of Veolia.

24. At all relevant times, PMTA's officers were members of Veolia's senior management team.

25. In or around December 2011, Plaintiff filed a complaint with PMTA regarding a co-worker, Joseph Oliveira's, use of inappropriate language, including referring to female employees as "bitch".

26. In a letter dated December 21, 2011, Paulette Ward, the Company's Administrative Manager, apprised the Plaintiff of the results of the Company's investigation. The letter provides in relevant part that "Even though a thorough investigation was done, it did not yield enough information to determine whether the conduct you complained of actually happened.... At this time, PTM of Attleboro Inc. is unable to determine whether any harassment occurred. PTM of Attleboro considers this matter closed... ."

27. Upon information and belief, Beland was made aware of Plaintiff's internal complaint regarding Oliveira.

28. Thereafter Beland began to harass Ms. Perreault.

29. Beland subjected Ms. Perreault to derogatory and vulgar gender specific epithets on a regular basis.

30. Beland called Ms. Perreault, among other things, a "bitch" a "f*cking bitch" and a "puta", which is a Portuguese slang word for prostitute, on a weekly basis.

31. Beland also insinuated that Ms. Perreault was a lesbian.

32. Beland made these comments in front of other drivers and passengers and in PTMA's offices.

33. Within the bargaining unit, Beland was perceived to have special status due to his close relationship with Greene and status as Union officer.

4

34. In light of her prior experience with having filed a complaint and Beland's special status, Ms. Perreault believed that the filing a complaint with the Company would be pointless.

35. In and around November 2012, Ms. Perreault complained to PTMA regarding Mr. Beland's conduct because she could not take it anymore.

36. On or about November 5, 2012, Ms. Perreault approached Marianne Carpender, PTMA's Operations Manager.

37. Ms. Perreault explained to Ms. Carpender what Mr. Beland had been doing and saying.

38. Ms. Carpender acknowledged that she was aware of Mr. Beland's conduct and hostility toward Ms. Perreault.

39. Ms. Carpender went on to state that "if you bring this to the company nothing will be done." She told Ms. Perreault that she should not trust anyone at PMTA. She suggested instead that Ms. Perreault contact someone at the Amalgamated Transit Union.

40. Ms. Perreault did as Ms. Carpender suggested. However, she never received any assistance or contact from the ATU or Local 1547.

41. On or about November 8, 2012, Ms. Perreault filed a Charge of Discrimination with the MCAD.

42. After the filing of Ms. Perreault's Charge, PTMA terminated the employment of Ms. Carpender based upon the manner in which she had handled Ms. Perreault's complaint.

43. In the fall of 2012, Ms. Perreault's tires were slashed while her vehicle was parked at the Company's facility.

44. Within a few weeks of filing the charge, Ms. Perreault was placed on a medical leave of absence by her medical providers, which began on or about December 3, 2012.

45. In a letter June 5, 2013 the Company advised Ms. Perreault that it has completed its investigation into her allegations.

46. The letter advised that the Company "could not substantiate all of your allegations."

47. According to the Company it could only determine that it was "more likely than not that Mr. Beland did call you bitch on at least one occasion but we were unable to determine how many times he did so."

48. Notwithstanding the fact that it concluded that Mr. Beland had called Ms. Perreault a bitch it did not terminate, suspend or impose any monetary sanction upon Mr. Beland.

49. Instead, the only action the Company took as the result of its investigation was that Greene spoke with Beland and advised him that the Company would not tolerate the use of profanity.

50. In a letter dated September 27, 2013 the Company terminated Ms. Perreault.

51. At the time of her discharge Ms. Perreault was on a medical leave of absence.

52. The Defendants unlawful discriminatory actions and/or omissions are in violation of the Massachusetts Fair Employment Practices Act ("FEPA") and Title VII of the Civil Rights Act of 1964 ("Title VII"), were motivated by malice and ill will toward the Plaintiff, and were taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

53. Ms. Perreault has suffered and continues to suffer great emotional distress as the result of Mr. Beland's conduct and the Defendants' failure to prevent or remedy that harassment despite its actual and constructive knowledge thereof.

## COUNT I

### Massachusetts Fair Employment Factices Act ("FEPA")
### M.G.L. Chapter 151B
### Hostile Work Environment

54. Plaintiff repeats and realleges Paragraphs 1 through 53 of this Complaint as if each were fully set forth herein.

55. Veolia and PTMA are employers within the meaning of FEPA and Title VII.

56. Veolia and PTMA employed the Plaintiff.

57. Local 1547 is a labor organization and an employer within the meaning of FEPA and Title VII.

58. The Plaintiff was a member of Local 1547.

59. By the foregoing acts and omissions the Defendants wrongfully and intentionally violated the Massachusetts Fair Employment Practices Act, by creating and/or perpetuating an intimidating, hostile and offensive work environment.

60. As a direct result of the Defendants' conduct Plaintiff has been harmed.

## COUNT II

### Title VII of the Civil Rights Act of 1964
### 42 USC § SEC. 2000e et seq.

61. Plaintiff repeats and realleges Paragraphs 1 through 60 of this Complaint as if each were fully set forth herein.

62. By the foregoing acts and omissions the Defendants wrongfully and intentionally violated Title VII of the Civil Rights Act of 1964 by creating and/or perpetuating an intimidating, hostile and offensive work environment.

63. As a direct result of the Defendant's conduct Plaintiff has been harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Maria Perreault prays for the following relief:

a. Permanently enjoin the Defendants' from violating FEPA and Title VII;

b. Order the Defendants to make the Plaintiff whole;

c. Award the Plaintiff compensatory damages for loss of wages and benefits;

d. Award the Plaintiff compensatory damages for her pain and suffering;

e. Award punitive damages in an amount sufficient to punish the Defendant and deter such unlawful conduct in the future;

f. Award the Plaintiff her reasonable attorneys and the costs pertaining to the within litigation; and

g. Award such other relief as this Court deems just and proper.

Plaintiff demands a trial by jury on all issues triable to a jury and designates James A. Musgrave as trial counsel.

>                           MARIA PERREAULT
>                           By Her Attorney,
>
>                           /s/ **James A. Musgrave**
>
>                           James A. Musgrave (BBO# 656350)
>                           ROBERTS, CARROLL, FELDSTEIN &
>                           PEIRCE, INC.
>                           Ten Weybosset Street, 8th Floor
>                           Providence, RI 02903
>                           401-521-7000 FAX 401-521-1328
>                           jmusgrave@rcfp.com

DATED: February 5, 2014

JAM::jam
5116-1 814604